IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                             PLAINTIFF

v.                        Civil No. 5:21-cv-05115

TURN KEY HEALTH CLINICS, LLC; NURSE
SHAWNA; DR. SAEZ; NURSE MCKENZIE
FISK; NURSE SOPHIA; NURSE TRACI
ROBINSON; SOCIAL WORKER SHAKUR;
LIEUTENANT ROSS; LIEUTENANT
WYATT BANTA; and CAPTAIN GAGE
                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Joshua D. Wilson ("Wilson"), pursuant to 42 U.S.C. § 1983. Wilson proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.    DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Wilson filed his original complaint on June 24, 2021. (ECF No. 1). In Claim One, Wilson

2

alleged that: Turn Key Health Clinics, LLC's unidentified doctors and nurses, and Benton County, were deliberately indifferent to his serious medical needs; he had been infected with COVID-19 due to the BCDC's failure to follow quarantine and other COVID-19 precautions; and, he had been beaten, pepper sprayed, and tased on multiple occasions by deputies over a year and a half. (*Id.* at 4-5). In Claim Two, Wilson alleged that: 20 named Defendants had used excessive physical force against his body as well as pepper spraying, tasing, handcuffing, and shackling him. (*Id.* at 6-7). In Claim Three, Wilson complained of the conditions under which he was confined, stating he had been bitten by a brown recluse spider. (*Id.* at 8-9).

An Order (ECF No. 3) was entered directing Wilson to file an Amended Complaint. Wilson was advised that he must describe the actions taken by each Defendant. The Order explained in detail that the Amended Complaint must contain short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and, (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Wilson was advised he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. Wilson was also advised that failure to do so would result in the dismissal of the allegations for failure to state a claim.

Wilson filed his First Amended Complaint (ECF No. 9) on July 23, 2021. Again, Wilson failed to clearly state how each named Defendant violated his federal constitutional rights. Wilson was given another opportunity to file an amended complaint in compliance with the Court's Orders. (ECF No. 10). He was again given specific directions as to what the amended complaint

must contain.

Wilson's Second Amended Complaint (ECF No. 11) was filed on September 1, 2021. Giving it a liberal reading, the Court concludes Wilson has stated plausible claims against the following Defendants: Turn Key Health Clinics, LLC, Nurse Shawna, Dr. Saez, Nurse McKenzie Fisk, Nurse Sophia, Nurse Traci Robinson, Social Worker Shakur, and Captain Gage. The Court has ordered the Second Amended Complaint be served on these Defendants.

Other than naming Lieutenant Ross and Lieutenant Banta as Defendants, Wilson has not described any actions taken by them or even mentioned their names elsewhere in the Second Amended Complaint. Liability under § 1983 requires personal involvement in the constitutional violations. *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"). No plausible claims are stated against Lieutenant Ross and Lieutenant Banta.

Similarly, in Claim Three, Wilson attempts to name all deputies, all supervisors, and all administrators of the BCDC as Defendants on his unconstitutional conditions of confinement claim. Wilson may not do this. As he has been repeatedly advised, he must allege how each individual defendant violated his federal constitutional rights. No plausible claims are stated against all deputies, supervisors, and administrators of the BCDC.

### III.    CONCLUSION

For the reasons stated above, I recommend the claims against Lieutenant Ross, Lieutenant Banta, and all deputies, supervisors, and administrators of the BCDC be dismissed for failure to state a claim.

4

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 3rd day of September 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5